

ERIC HOLCOMB, *Governor*
GREGORY L. WILSON SR, *Executive Director*

**ICRC No.: EMse18020098**
**EEOC No.: 24F-2017-00257**

**BRYANT GRAHAM,**
  **Complainant,**

  **v.**

**UNIVERSITY OF INDIANAPOLIS,**
  **Respondent.**

## NOTICE OF FINDING

The Deputy Director of the Indiana Civil Rights Commission ("Commission"), pursuant to statutory authority and procedural regulations, hereby issues the following Notice of Finding with respect to the above-referenced case. There is <u>no probable cause</u> to believe that an unlawful discriminatory practice occurred in this instance. 910 IAC 1-3-2(c).

On February 15, 2018, Bryant Graham ("Complainant") filed a Complaint with the Commission against the University of Indianapolis ("Respondent") alleging sex discrimination in violation of the Indiana Civil Rights Law (Ind. Code § 22-9, *et seq.*) and Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e, et seq.). Accordingly, the Commission has jurisdiction over the parties and the subject matter of this complaint. An investigation has been completed. Both parties have submitted evidence. Based on the final investigative report and a full review of the relevant files and records, the Deputy Director now finds the following:

The issue presented to the Commission is whether or not Respondent took an adverse action against the Complainant on the basis of sex. In order to prevail, Complainant must show that (1) Complainant is a member of a protected class; (2) Respondent took an adverse employment action against the Complainant; (3) Complainant was meeting Respondent's expectations; and (4) female employees who were failing to meet Respondent's same expectations were treated more favorably under similar circumstances.

Complainant is a member of a protected class by virtue of his sex. He suffered an adverse employment action when Respondent terminated his employment. However, there is insufficient evidence showing he was meeting Respondent's legitimate business expectations or that female



employees who were failing to meet the same expectations were treated more favorably under similar circumstances.

By way of background, Complainant was hired by Quest Food Management ("Quest") on August 11, 2017, and assigned to Respondent as a Sous Chef. At the times relevant to Complainant, Quest employees were required to follow Quest's policies and procedures while assigned to Respondent. Quest did not have a policy against student fraternization at the time Respondent received its first complaint that Complainant displayed inappropriate conduct with one of Respondent's students.[1] Specifically, in October 2017, Respondent became aware of allegations Complainant had inappropriate conduct with a female student. Respondent reported the matter to Quest, who placed Complainant on paid leave on October 24, 2017, pending its investigation. At the conclusion of the investigation Respondent determined Complainant's actions were not terminable. Quest advised Complainant he could return to work on November 7, 2017. Per Respondent's request, effective November 2017, Quest enacted a *Student Non-Fraternization Policy* ("Non-Fraternization Policy"). Shortly after Complainant's return to work, he was advised of the *Non-Fraternization Policy*.

On February 7, 2018, Respondent received another allegation that Complainant engaged in inappropriate conduct with a female student. Quest advised Complainant he was on paid leave pending its investigation into the allegations against him. Respondent assisted Quest with its investigation by interviewing the student and her witness, who was also a student. Quest's investigation determined the allegations against Complainant were substantiated. As a result, Quest made the decision to terminate Complainant's employment effective February 13, 2018, due to his violation of its *Non-Fraternization Policy*. Quest did not assign another employee to work at Respondent to replace Complainant.

No evidence was provided by Complainant or uncovered by the Commission showing Complainant suffered an adverse employment action when he was suspended with pay as a result of the first allegation against him. Rather, the evidence shows Complainant returned to work on or around November 7, 2017 because the investigation determined Complainant fraternization did not violate any policy in place at the time of the incident.

Complainant provided no evidence to substantiate his claim that Respondent falsely accused him of inappropriate conduct with a female student. The evidence shows a female student, not Respondent, made the allegation against Complainant. Complainant admits, at the time of his February 7, 2018, suspension, Quest management requested he provide a written statement

---

[1] While the initial Complaint of Discrimination states Complainant was falsely accused of raping one of Respondent's female students, the evidence shows Complainant was accused of inappropriate conduct/fraternization with a student and not rape.

regarding the allegations against him. Complainant admits he did not provide the requested statement until after his termination. While Complainant asserts Respondent discriminated against him when it terminated his employment, the evidence reveals Respondent was not involved in the decision to terminate Complainant. Rather, Quest management's male President and VP of Operations, made the decision to terminate Complainant.

Lastly, the evidence reveals Complainant admits he believes the "false allegations" against him were because he reported Respondent to the Health Department, and not because of his sex. *Assuming arguendo*, Complainant's claim is true, the evidence shows Respondent did not discriminate against him based on a protected class. As such and based upon the aforementioned, there is no probable cause to believe that a discriminatory practice occurred as alleged.

**Complainant may appeal this finding to the full Commission. 910 IAC 1-3-2(g). A Commissioner will be appointed to review and rule on the appeal. 910 IAC 1-3-2(h). The written appeal must be filed with the Commission within fifteen (15) days of receipt of this Notice. 910 IAC 1-3-2(g). A day shall mean all calendar days, excluding the day the period begins. 910 IAC 1-1.5-7. If Complainant wants to submit any new and additional evidence relied on by Complainant to support the appeal, the Complainant must include the evidence in the appeal, but the Complainant is not required to submit new or additional evidence to proceed with an appeal. 910 IAC 1-3-2(g).**

**This complaint was dual filed under Title VII of the Civil Rights Act of 1964 with the United States Equal Employment Opportunity Commission ("EEOC") and the Indiana Civil Rights Commission as a Fair Employment Practices Agency. Accordingly, Complainant has the right to ask the EEOC to conduct a separate review of this finding based on the substantive evidence already submitted. To secure such a review, the request must be made in writing within fifteen (15) days of receipt of this Notice and include a statement regarding why Complainant is requesting the review. Requests must be submitted to the EEOC at 101 West Ohio Street, Suite 1900, Indianapolis, IN 46204. Should Complainant fail to seek EEOC review, the EEOC will generally adopt the Commission's findings in this case.**

RESPECTFULLY SUBMITTED,

2/5/2018
Date

By: Gregory L. Wilson Sr.
**Executive Director**
Indiana Civil Rights Commission

3

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Notice was served by first-class U.S. mail on the following persons on this __12__ day of February 2019

Bryant Graham
6657 Stanhope Drive
Indianapolis, IN 46254      9214 8901 0661 5400 0134 4053 88
Certified #

University of Indianapolis
1400 E. Hanna Avenue
Indianapolis, IN 46227


Amanda Shelby
300 North Meridian Street #2700
Indianapolis, IN 46204


_____
Staff, Indiana Civil Rights Commission

4

ANEHITA EROMOSELE
ICRC
100 N SENATE AVE RM N300
INDIANAPOLIS, IN 46204-2208



9214 8901 0661 5400 0134 4053 88

**RETURN RECEIPT (ELECTRONIC)**

BRYANT GRAHAM
6657 STANHOPE DR
INDIANAPOLIS, IN 46254-5839

**CONFIDENTIAL**

CUT / FOLD HERE                                                                 Zone 1

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE